1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

8

| | |
|---|---|
| KENNETH RAWSON, an individual, | No. |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| v. | |
| RECOVERY INNOVATIONS, INC., a corporation, SAMI FRENCH, an individual, JENNIFER CLINGENPEEL, an individual, VASANT HALARNAKAR, M.D., an individual, | DEMAND FOR JURY |
| Defendant. | |

## I.    NATURE OF CASE

1.1     This is a case for damages and declaratory and injunctive relief against Recovery Innovations, Inc., and three of its employees for illegally and unconstitutionally detaining Kenneth Rawson for more than 50 days, during which time it unconstitutionally forced on him medical treatment, including psychotropic medication, that was not medically necessary.  The State had outsourced to Recovery Innovations the provision of some emergency mental health services in Pierce County, Washington.  As a result, Recovery Innovations acted under color of state law with near total authority to evaluate, detain, and treat individuals such as Mr. Rawson who Recovery Innovations claimed suffer from a mental illness that makes them a danger to themselves or others, or who have a grave disability.

COMPLAINT FOR DAMAGES - 1

## II.    PARTIES

2.1     Plaintiff Kenneth Rawson is an individual residing in Texas.  Mr. Rawson formerly resided in Clark County, Washington, during which time he was detained and committed.

2.2     Defendant Recovery Innovations, Inc. is a corporation incorporated in Arizona that is registered and licensed to do business in Washington.  It does business under the name, Recovery Innovations.  Recovery Innovations has multiple locations in Washington, including the location at issue in this case, which is at 9601 Steilacoom Blvd SW #27, Lakewood, WA 98498, on the grounds of Western State Hospital.

2.3     Defendant State of Washington Department of Social and Health Services is a state agency that administers several state programs and services, including the evaluation and treatment of individuals deemed to need emergency mental health services.

2.4     Defendant Sami French is an individual who worked for Recovery Innovations at its 9601 Steilacoom Blvd SW #27, Lakewood, WA 98498 at all times relevant to this case.  On information and belief, Ms. French resides in Washington.

2.5     Defendant Jennifer Clingenpeel is an individual who worked for Recovery Innovations at its 9601 Steilacoom Blvd SW #27, Lakewood, WA 98498 at times relevant to this case.  On information and belief, Ms. Clingenpeel resides in Washington.

2.6     Defendant Vasant Halarnakar is an individual who worked for Recovery Innovations at its 9601 Steilacoom Blvd SW #27, Lakewood, WA 98498 at times relevant to this case.  On information and belief, Dr. Halarnakar resides in Washington.

## III.    JURISDICTION AND VENUE

3.1     This Court has jurisdiction over Plaintiff's claims and over Defendants.

3.2     Venue is appropriate in this court because the acts and omissions at issue in this case took place in this judicial district, and Defendants reside in or do business here.

COMPLAINT FOR DAMAGES - 2

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

11310.01 ke070701

3.3     Plaintiff has filed a notice of claim with Recovery Innovations, and more than 60 days have elapsed since that filing.  Plaintiff has therefore exhausted administrative remedies as required under RCW 4.96.

## IV.     FACTS

**A.  *Recovery Innovations Provides Mental Health Evaluation and Treatment Services to the State***

4.1     Recovery Innovations is a licensed "evaluation and treatment" provider under RCW 71.05.020.

4.2     Recovery Innovations operates a facility that it rents from the State on the campus of Western State Hospital (9601 Steilacoom Blvd SW #27, Lakewood, WA 98498) to confine individuals who are involuntarily committed on an emergency basis and to provide them mental health evaluation and treatment.

4.3     Emergency mental health evaluation and treatment constitutes a public function of the State of Washington.

4.4     The State licenses, regulates, and oversees the operations of Recovery Innovations's mental health and evaluation treatment facility.

4.5     The Recovery Innovations facility where Defendants detained Mr. Rawson was substantially below the standard generally accepted in the medical community for an emergency mental health evaluation and treatment facility.  It was too small to accommodate the number of patients it treated, was unsanitary, and did not have space for important treatments and services. This remains true.

**B.  *Recovery Innovations's Initial Evaluation of Mr. Rawson***

4.6     Clark County Designated Mental Health Professional Al Padilla entered an emergency order to involuntary commit Kenneth Rawson on March 6, 2015.

4.7     Mr. Padilla based his opinion on the need to commit Mr. Rawson on his own evaluation of him, as well as the reports of the Clark County Sheriff's Office regarding Mr. Rawson's non-violent behavior at a bank in Vancouver, Washington.

COMPLAINT FOR DAMAGES - 3

11310.01 ke070701

1    4.8    That same day (March 6, 2015), Mr. Padilla transferred Mr. Rawson to the

2    custody and control of Recovery Innovations for up to 72 hours of evaluation and treatment.

3    4.9    When he arrived at the facility, the staff at Recovery Innovations, led by Nurse

4    Practitioner Jennifer Clingenpeel and Mental Health Counselor Sami French, performed only a

5    cursory mental health evaluation of Mr. Rawson.

6    4.10    Ms. Clingenpeel, Ms. French, and the rest of the Recovery Innovations staff

7    documented no observations that Mr. Rawson presented a danger to himself or others when he

8    arrived at the facility, or that he was gravely disabled.

9    4.11    Ms. Clingenpeel and Ms. French relied entirely on the opinions of Mr. Padilla and

10   the Clark County Sheriff's Office.  Ms. Clingenpeel and Ms. French's purported evaluations of

11   Mr. Rawson merely repeated hearsay statements about Mr. Rawson's alleged behaviors that

12   those public officials had documented.

13   4.12    Mr. Rawson, a registered nurse who had experience working with mentally ill

14   patients, observed that Recovery Innovations fell short of the standard of care for people in

15   emergency mental health situations.  He shared his observations and concerns with Ms. French.

16   4.13    In response to his criticisms, Ms. French acted annoyed at Mr. Rawson.

17   4.14    Ms. French, Ms. Clingenpeel, and Recovery Innovations knew that Mr. Rawson

18   had never previously been diagnosed with or treated for mental illness, had no history of violent

19   behavior, and had cared for himself without assistance for his entire adult life.

20   4.15    Recovery Innovations improperly authorized Ms. French to dictate the detention

21   and treatment of vulnerable individuals with virtually no checks on her authority.  Ms. French

22   lacked the requisite qualifications or experience to exercise such authority, but her superiors,

23   namely Jennifer Clingenpeel and Dr. Vasant Halarnakar chose to abdicate decision-making

24   authority to her.

25   **C. *14-Day Petition for Involuntary Commitment***

26   4.16    Despite having not personally observed that Mr. Rawson presented a danger to

27   himself or anyone else, or that he was gravely disabled, Ms. French and Ms. Clingenpeel and

COMPLAINT FOR DAMAGES - 4

1    Recovery Innovations did not release Mr. Rawson.  Instead, on March 9, 2015, they petitioned

2    Pierce County Superior Court to commit Mr. Rawson involuntarily for an additional 14 days.

3         4.17    Their petition identified two grounds for Mr. Rawson's continued detention: he

4    was a danger to himself or others, and he was gravely disabled.

5         4.18    Through Ms. Clingenpeel and Ms. French, Recovery Innovations made false

6    statements in the 14-day petition with deliberate indifference to Mr. Rawson's rights.

7         4.19    Through Ms. Clingenpeel and Ms. French, Recovery Innovations knowingly

8    misled Pierce County Prosecutor Ken Nichols with their false statements to advocate for an

9    additional 14-day involuntary commitment of Mr. Rawson.

10        4.20    Recovery Innovations's staff forced Mr. Rawson to take 300 mg of the drug

11   Seroquel within 24 hours of the hearing on the 14-day petition, despite the fact that he had

12   exercised his legal right to decline all psychiatric medications during that 24-hour period.

13        4.21    During the hearing on the petition to commit Mr. Rawson for an additional 14

14   days, Mr. Rawson's attorney questioned Ms. French aggressively.

15        4.22    Ms. French took umbrage at the questioning of her authority and resented Mr.

16   Rawson and his attorney for it.

17        4.23    Through Ms. French, Recovery Innovations denied Mr. Rawson's attorney access

18   to his medical records and files throughout his detention.

19        4.24    Based on the false, inadequate, unsupported, and exaggerated observations and

20   opinions of Ms. French, Ms. Clingenpeel, and Recovery Innovations, the Pierce County Superior

21   Court approved the 14-day commitment petition on March 10, 2015.

22   **D.  *Recovery Innovations's Continued Detention and Mistreatment of Mr. Rawson***

23        4.25    After the court issued its order, Ms. French continued to document her purported

24   observations of Mr. Rawson, as did other members of the Recovery Innovations staff.

25        4.26    The vast majority of the purported observations documented in Mr. Rawson's

26   medical records came from Recovery Innovations staff members who lacked the qualifications to

27

COMPLAINT FOR DAMAGES - 5

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

11310.01 ke070701

1  make clinical assessments of his mental health, of whether he presented danger to himself or

2  others, or whether he was gravely disabled.

3       4.27    Ms. French, for example, was not licensed to provide clinical assessments without

4  the supervision of a licensed psychiatrist.

5       4.28    No licensed psychiatrist supervised Ms. French's assessment of Mr. Rawson.

6       4.29    Thus on several occasions, Recovery Innovations exercised no professional

7  judgment at all when making decisions about Mr. Rawson's continued detention and treatment.

8       4.30    Recovery Innovations and the individual defendants based their conclusions

9  regarding Mr. Rawson's mental health on what they heard about his words and actions prior to

10  his involuntary commitment, his refusal to admit he was mentally ill, and his refusal to take

11  antipsychotic medications.  Ms. French and other Recovery Innovations staff concluded that Mr.

12  Rawson's denials of being mentally ill proved he was mentally ill.  These were illegitimate bases

13  for confining Mr. Rawson and providing him involuntary mental health treatment.

14       4.31    Mr. Rawson never acted in a violent or threatening manner at any point during his

15  detention at Recovery Innovations.

16  **E.  *90-Day Petition for Involuntary Commitment and Prolonged Detention of Mr. Rawson***

17       4.32    Despite lacking any basis for believing Mr. Rawson presented a danger to himself

18  or anyone else, Defendants did not release Mr. Rawson.  Instead, on March 19, 2015, through

19  Ms. French and Vasant Halarnakar, MD, who had by then taken over as head psychiatrist at

20  Recovery Innovations, Recovery Innovations petitioned the court to involuntarily commit Mr.

21  Rawson for 90 days.

22       4.33    In their petition, Defendants alleged as grounds for Mr. Rawson's continued

23  involuntary detention that he "had threatened, attempted, or inflicted physical harm upon the

24  person of another or him/herself, or substantial damage to property of another during the period

25  in custody for evaluation and treatment, and presents a likelihood of serious harm."

26       4.34    Defendants' allegation was false.  Recovery Innovations and the individual

27  defendants never observed Mr. Rawson threaten, attempt, or inflict physical harm on any person

COMPLAINT FOR DAMAGES - 6

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

11310.01 ke070701

1    or property during the period of his detention.  Mr. Rawson never engaged in such behavior

2    during the period of his detention.

3        4.35    Dr. Halarnakar and Ms. French made false statements in the 90-day petition with

4    deliberate indifference to Mr. Rawson's rights.

5        4.36    Defendants' 90-day petition included assertions that implied that Mr. Rawson's

6    condition had worsened while at Recovery Innovations.  These statements were false, and

7    Defendants made them with deliberate indifference to Mr. Rawson's rights.

8        4.37    Despite implying that Mr. Rawson's condition had worsened, Recovery

9    Innovations never adjusted its treatment plan for him.

10       4.38    Dr. Halarnakar observed Mr. Rawson on just two occasions before filing

11   Recovery Innovations's petition, and Dr. Halarnakar documented few observations in Mr.

12   Rawson's mental health records.

13       4.39    Dr. Halarnakar wrote that he had concluded Mr. Rawson was paranoid because he

14   denied being mentally ill and because he refused to take antipsychotic medication.  Dr.

15   Halarnakar documented no observations that Mr. Rawson acted violently, made threats, behaved

16   in a way that presented a danger to himself or to others, or had a grave disability.

17       4.40    Dr. Halarnakar spoke to Mr. Rawson's parents, who informed him that Mr.

18   Rawson had no history of mental illness or violent behavior, and that his behavior at the time

19   conformed to his normal behavior.

20       4.41    When evaluating Mr. Rawson, Dr. Halarnakar, Ms. Clingenpeel, Ms. French, and

21   other Recovery Innovations staff did not speak to anybody who knew Mr. Rawson other than his

22   parents.

23       4.42    Mr. Rawson requested a jury trial to challenge the 90-day involuntary

24   commitment petition.  Recovery Innovations continued to hold him and planned to do so until

25   the trial date.

26

27

COMPLAINT FOR DAMAGES - 7

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

11310.01 ke070701

1    4.43    After he requested the jury trial, Recovery Innovations provided virtually no

2    treatment to Mr. Rawson apart from forcing him to take powerful antipsychotic medication,

3    Seroquel.

4    4.44    On several occasions during his detention at Recovery Innovations, Mr. Rawson

5    exercised his right to refuse antipsychotic medications but Recovery Innovations staff overrode

6    his refusal, injecting him against his will, even though he presented no danger to himself or

7    others, and was not gravely disabled.  Forcible medication was not in Mr. Rawson's medical

8    interests at the time of the injections and was not medically necessary.

9    4.45    Mr. Rawson suffered numerous negative side effects from the drugs that

10    Recovery Innovations involuntarily administered to him, including cardiac arrhythmia. He

11    continues to suffer negative effects that those medications had on him.

12    4.46    Recovery Innovations continued to falsely state in Mr. Rawson's medical records

13    that he presented a danger to himself and others.

14    4.47    Ms. French or another Recovery Innovations staff person created an entry in Mr.

15    Rawson's medical file each day that they detained him that documented the opinion that he

16    presented a danger to himself or others and thus required continued detention.  They did so

17    without engaging in any meaningful evaluation of Mr. Rawson and without providing him an

18    opportunity to dispute and correct the conclusion entered into his medical records.

19    4.48    Ms. French and other Recovery Innovations staff also documented falsely, and

20    only inconsistently, that Mr. Rawson had a grave disability.

21    4.49    Recovery Innovations never altered its treatment plan for Mr. Rawson despite

22    concluding on a daily basis that he had made no improvements.

23    4.50    On April 10, 2015, after evaluating Mr. Rawson at the request of his lawyer,

24    independent psychologist Dr. James Manley concluded that he presented no risk to himself or

25    others, and did not find him gravely disabled.

26

27

COMPLAINT FOR DAMAGES - 8

11310.01 ke070701

4.51    Mr. Rawson's attorney informed Ms. French and Dr. Halarnakar of Dr. Manley's assessment.  But Recovery Innovations declined to dismiss its petition to continue his involuntary commitment outright.

4.52    Through Ms. French, Recovery Innovations told Mr. Rawson's attorney she would only agree to discharge him if he agreed to continue to take the antipsychotic mediation that it had been administering to him against his will, and accept a less restrictive alternative to commitment that would require him admitting he was rightfully committed.

4.53    Mr. Rawson rejected this offer.

4.54    Later, through Dr. Halarnakar and Ms. French, Recovery Innovations met with Mr. Rawson and his attorney to discuss conditions of his release.  Dr. Halarnakar agreed to release Mr. Rawson if he promised to visit the VA hospital to speak to a psychiatrist there after he was released.

4.55    Although Mr. Rawson disagreed with the condition, to end his illegitimate confinement, he agreed to visit a therapist at the VA after he returned to his home.

4.56    Despite having repeatedly asserted that he was a danger to himself and to others and gravely disabled, Dr. Halarnakar, Ms. French, and Recovery Innovations agreed to release Mr. Rawson if he agreed to visit the Veterans Administration Hospital in Portland, Oregon upon his release.

4.57    For the final time, on April 25, 2015, Ms. French documented in his medical records her opinion that Mr. Rawson presented a danger to himself and others.

4.58    Four days later, with no change in his condition, on April 29, 2015, Recovery Innovations—having documented the opinion that Mr. Rawson presented a danger to himself and others just a few days before—withdrew its petition to commit him for 90 days, and put him in a taxicab to the train station.

4.59    The evaluation and treatment and involuntary confinement of Mr. Rawson by Recovery Innovations and the individual defendants fell so substantially below the standards

COMPLAINT FOR DAMAGES - 9

705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

11310.01 ke070701

1  generally accepted in the medical community for emergency mental health evaluation and

2  treatment that it was committed with deliberate indifference to Mr. Rawson's rights.

3       4.60  The evaluation and treatment of Mr. Rawson by Recovery Innovations and the

4  individual defendants was illegitimate and not medically necessary, and undertaken with

5  deliberate indifference to his rights.  Defendants provided no realistic opportunity for him to be

6  cured of his alleged condition, and thus to be released from detention.

7       4.61  Recovery Innovations and the individual defendants subjected Mr. Rawson to

8  continued detention and forcible medication in a manner that amounted to constitutionally

9  impermissible punishment for his unwillingness to take antipsychotic medications, his refusal to

10  admit he was mentally ill or dangerous, his critique of the care provided at the facility, and his

11  attorney's aggressive questioning of Ms. French during the hearing on the 14-day commitment

12  petition.

13       4.62  Recovery Innovations, Ms. French, Ms. Clingenpeel, and Dr. Halarnakar

14  performed their duties as mental health professionals treating Mr. Rawson in bad faith and with

15  deliberate indifference to Mr. Rawson's rights.

16       4.63  Recovery Innovations and the individual defendants failed to make a reasonable

17  assessment of whether Mr. Rawson's perceived disability could be evaluated and treated in a

18  community setting, or other less intrusive alternative to involuntary detention, and did not afford

19  him treatment in the least restrictive environment.

20       4.64  The acts and omissions of Recovery Innovations and the individual defendants

21  inflicted severe emotional distress and injuries due to involuntary medication on Mr. Rawson

22  from which he continues to suffer today.

23                  **V.   LEGAL CLAIMS**

24       5.1  <u>State Action</u>: The facts described above constitute violations of several the rights

25  guaranteed to Mr. Rawson by the United States Constitution.  These violations are actionable

26  under 42 U.S.C. § 1983 because the Defendants acted under color of state law.  Recovery

27  Innovations and the individual defendants acted under color of state law by so closely

COMPLAINT FOR DAMAGES - 10

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

11310.01 ke070701

1   collaborating with state actors in the detention, evaluation, treatment, and petition to continue the

2   detention of Mr. Rawson as to make their actions indistinguishable from the State's, and by

3   serving the public functions of confining involuntarily committed individuals and providing

4   them mental health evaluation and treatment services.

5        5.2   <u>Fourth Amendment</u>:  The facts described above constitute violations of Mr.

6   Rawson's Fourth Amendment rights by Recovery Innovations, Ms. French, Ms. Clingenpeel, and

7   Dr. Halarnakar.

8        5.3   <u>Substantive Due Process</u>:  The facts described above constitute violations of Mr.

9   Rawson's Substantive Due Process rights under the Fourteenth Amendment by the Defendants.

10        5.4   <u>Procedural Due Process</u>:  The facts described above constitute violations of Mr.

11   Rawson's Procedural Due Process rights under the Fourteenth Amendment by the Defendants.

12        5.5   <u>Americans with Disabilities Act</u>:  The facts described above constitute violations

13   of Mr. Rawson's rights under Title II of the American's with Disabilities Act, 42 U.S.C. §

14   12132, by the Defendants.

15        5.6   <u>Outrage</u>:  The facts and the Defendants' conduct committed with gross

16   negligence, reckless, or intent, described above give rise to a claim of Outrage under the

17   common law of the State of Washington against by the Defendants.

18        5.7   <u>False Imprisonment</u>:  The facts and the Defendants' conduct committed with

19   gross negligence, recklessness, or intent, described above give rise to a claim of False

20   Imprisonment under the common law of the State of Washington against by the Defendants.

21   **VI.   REQUEST FOR RELIEF**

22        WHEREFORE Plaintiff requests that the Court enter judgment and other relief against

23   Defendants awarding Plaintiff:

24        6.1   A trial by jury;

25        6.2   General and special damages, in an amount to be proven at trial;

26        6.3   Declaratory and injunctive relief;

27        6.4   Punitive damages as available under federal law;

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

11310.01 ke070701

6.5      His reasonable attorney's fees and costs of litigation;

6.6      The right to confirm the pleadings to the evidence presented at trial;

6.7      Post-judgment interest on any amounts recovered from the time of the judgment to the time of satisfaction of judgment; and

6.8      Such other and further relief as the Court deems just and equitable.

DATED this 8th day of May, 2017.

MacDONALD HOAGUE & BAYLESS

By: /s/ Jesse Wing
Jesse Wing, WSBA #27751
JesseW@MHB.com
Attorneys for Plaintiff

MacDONALD HOAGUE & BAYLESS

By: /s/ Sam Kramer
Sam Kramer, WSBA #50132
Samk@mhb.com
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES - 12

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

11310.01 ke070701