The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | | |
|---|---|---|
| KENNETH RAWSON, an individual, | ) | Case No. 3:17-CV-05342 BHS |
| Plaintiff, | ) | |
| | ) | STIPULATED PROTECTIVE ORDER |
| v. | ) | |
| | ) | |
| RECOVERY INNOVATIONS, INC., a | ) | |
| corporation, SAMI FRENCH, an individual, | ) | |
| JENNIFER CLINGENPEEL, an individual, | ) | |
| VASANT HALARNAKAR, M.D., an | ) | |
| individual, | ) | |
| Defendants. | ) | |

1.     PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

STIPULATED PROTECTIVE ORDER - 1

Lybeck Pedreira & Justus, PLLC
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA  98040-6004
206-230-4255   Fax 206-230-7791

Case 3:17-cv-05342-BHS   Document 18   Filed 11/29/17   Page 2 of 9

2.    "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: personnel files and disciplinary records of current and former employees of Recovery Innovations, Inc. and the medical and mental health records and information of Kenneth Rawson.

3.    SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

STIPULATED PROTECTIVE ORDER - 2

Lybeck Pedreira & Justus, PLLC
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA  98040-6004
206-230-4255   Fax 206-230-7791

1 
2  agree that a particular document or material produced is for Attorney's Eyes Only and is so
3  designated;

4         (c)      experts and consultants to whom disclosure is reasonably necessary for
5  this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit
6  A);

7         (d)      the court, court personnel, and court reporters and their staff;

8         (e)      copy or imaging services retained by counsel to assist in the duplication
9  of confidential material, provided that counsel for the party retaining the copy or imaging service
10  instructs the service not to disclose any confidential material to third parties and to immediately
11  return all originals and copies of any confidential material;

12         (f)      during their depositions, witnesses in the action to whom disclosure is
13  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"
14  (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of
15  transcribed deposition testimony or exhibits to depositions that reveal confidential material must
16  be separately bound by the court reporter and may not be disclosed to anyone except as permitted
17  under this agreement;

18         (g)      the author or recipient of a document containing the information or a
19  custodian or other person who otherwise possessed or knew the information.

20      4.3      Filing Confidential Material. Before filing confidential material or discussing or
21  referencing such material in court filings, the filing party shall confer with the designating party
22  to determine whether the designating party will remove the confidential designation, whether the
23  document can be redacted, or whether a motion to seal or stipulation and proposed order is
24  warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards
25  that will be applied when a party seeks permission from the court to file material under seal.

26

STIPULATED PROTECTIVE ORDER - 3

Lybeck Pedreira & Justus, PLLC
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA  98040-6004
206-230-4255   Fax 206-230-7791

5.     DESIGNATING PROTECTED MATERIAL

     5.1     Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

     Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

     If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

     5.2     Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

     (a)     Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

Lybeck Pedreira & Justus, PLLC
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040-6004
206-230-4255  Fax 206-230-7791

1

2     (b)     Testimony given in deposition or in other pretrial proceedings: the parties

3   and any participating non-parties must identify on the record, during the deposition or other

4   pretrial proceeding, all protected testimony, without prejudice to their right to so designate other

5   testimony after reviewing the transcript. Any party or non-party may, within fifteen days after

6   receiving the transcript of the deposition or other pretrial proceeding, designate portions of the

7   transcript, or exhibits thereto, as confidential.   If a party or non-party desires to protect

8   confidential information at trial, the issue should be addressed during the pre-trial conference.

9     (c)     Other tangible items: the producing party must affix in a prominent place

10   on the exterior of the container or containers in which the information or item is stored the word

11   "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

12   the producing party, to the extent practicable, shall identify the protected portion(s).

13     5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

14   designate qualified information or items does not, standing alone, waive the designating party's

15   right to secure protection under this agreement for such material. Upon timely correction of a

16   designation, the receiving party must make reasonable efforts to ensure that the material is treated

17   in accordance with the provisions of this agreement.

18   6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

19     6.1     Timing of Challenges. Any party or non-party may challenge a designation of

20   confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

21   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

22   burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

23   challenge a confidentiality designation by electing not to mount a challenge promptly after the

24   original designation is disclosed.

25     6.2     Meet and Confer. The parties must make every attempt to resolve any dispute

26   regarding confidential designations without court involvement. Any motion regarding

confidential designations or for a protective order must include a certification, in the motion or

Lybeck Pedreira & Justus, PLLC
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040-6004
206-230-4255   Fax 206-230-7791

in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3    Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving

STIPULATED PROTECTIVE ORDER - 6

Lybeck Pedreira & Justus, PLLC
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040-6004
206-230-4255   Fax 206-230-7791

1   party must immediately (a) notify in writing the designating party of the unauthorized

2   disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material,

3   (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

4   this agreement, and (d) request that such person or persons execute the "Acknowledgment and

5   Agreement to Be Bound" that is attached hereto as Exhibit A.

6   9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

7   MATERIAL

8        When a producing party gives notice to receiving parties that certain inadvertently

9   produced material is subject to a claim of privilege or other protection, the obligations of the

10   receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

11   provision is not intended to modify whatever procedure may be established in an e-discovery

12   order or agreement that provides for production without prior privilege review. The parties  agree

13   to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

14   10.    TERMINATION AND RETURN OF DOCUMENTS

15        Within 60 days after the termination of this action, including all appeals, each receiving

16   party must return all confidential material to the producing party, including all copies, extracts

17   and summaries thereof. Alternatively, the parties may agree upon appropriate methods of

18   destruction.

19        Notwithstanding this provision, counsel are entitled to retain one archival copy of all

20   documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

21   deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

22   work product, even if such materials contain confidential material.

23        The confidentiality obligations imposed by this agreement shall remain in effect until a

24   designating party agrees otherwise in writing or a court orders otherwise.

25            IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

26   DATED: November 29, 2017_____

STIPULATED PROTECTIVE ORDER - 7

Lybeck Pedreira & Justus, PLLC
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA  98040-6004
206-230-4255   Fax 206-230-7791

1  MacDONALD HOAGUE & BAYLESS

2

3  By: _/s/ Jesse Wing_____
   Jesse Wing, WSBA #27751
4  JesseW@MHB.com
   Sam Kramer, WSBA #50132
5  Samk@mhb.com
   Attorneys for Plaintiff
6
   DATED: November 29, 2017_____
7
   LYBECK PEDREIRA & JUSTUS, PLLC
8
9  By: _/s/ Benjamin Justus_____
   Lory R. Lybeck (#14222)
10 lory@lpjustus.com
   Benjamin Justus (#38855)
11 ben@lpjustus.com
   Attorneys for Defendants
12

13        PURSUANT TO STIPULATION, IT IS SO ORDERED

14        IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

15 documents in this proceeding shall not, for the purposes of this proceeding or any other

16 proceeding in any other court, constitute a waiver by the producing party of any privilege

17 applicable to those documents, including the attorney-client privilege, attorney work-product

18 protection, or any other privilege or protection recognized by law.

19

20 DATED: _30 November 2017_

21

22        _____
          Benjamin H. Settle
23        United States District Court Judge

24

25

26

STIPULATED PROTECTIVE ORDER - 8

Case 3:17-cv-05342-BHS   Document 18   Filed 11/29/17   Page 9 of 9

1

2

3

4                                        EXHIBIT A

                              Acknowledgment and Agreement to Be Bound

5

6       I,_____ , have been advised by counsel of record for _____

        _____ in *Rawson v. Recovery Innovations, Inc., et al.*, Case

7       No. 3:16-cv-01647, of the Stipulated Protective Order governing the access and use of confidential

8       documents and information produced in this litigation.  I have read a copy of the Stipulated

9       Protective Order and agree to abide by its terms.

10

11

12                                       _____
                                         Signed

13                                       _____
                                         Name

14

15                                       _____
                                         Date

16

17

18

19

20

21

22

23

24

25

26


STIPULATED PROTECTIVE ORDER - 9

Lybeck Pedreira & Justus, PLLC
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA  98040-6004
206-230-4255   Fax 206-230-7791