1

2

3
                                                                    The Honorable Benjamin H. Settle

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                     WESTERN DISTRICT OF WASHINGTON AT TACOMA

10
    KENNETH RAWSON, an individual,          )
11                                          )          Case No. 3:17-CV-05342 BHS
                    Plaintiff,              )
12                                          )
            v.                              )          DEFENDANTS' ANSWER TO
13                                          )          SECOND AMENDED COMPLAINT
    RECOVERY INNOVATIONS, INC., a           )
14  corporation, SAMI FRENCH, an individual,)
    JENNIFER CLINGENPEEL, an individual,    )
15  VASANT HALARNAKAR, M.D., an             )
    individual,                             )
16                  Defendants.             )

17

18
                            I.          ANSWER
19

20          Defendants answer the allegations of Plaintiff's Second Amended Complaint (hereinafter

21  "Complaint") as follows:

22          1.1     The allegations of Paragraph 1.1 are denied.

23          2.1     The allegations of Paragraph 2.1 are admitted.

24
            2.2     The allegations of Paragraph 2.2 are admitted.
25
            2.3     The allegations of Paragraph 2.3 are admitted.
26
            2.4     The allegations of Paragraph 2.4 are admitted.

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT - 1

2.5     The allegations of Paragraph 2.5 are admitted.

3.1     The allegations of Paragraph 3.1 are admitted, except to the extent that Defendants deny that they are "state actors" subject to any of Plaintiff's claims which are based on laws and regulations that are otherwise applicable only to governmental agencies.

3.2     The allegations of Paragraph 3.2 are admitted.

3.3     In response to Paragraph 3.3, Defendants admit that Plaintiff sent to Recovery Innovations, Inc. a purported "notice of claim" more than 60 days before the Complaint was filed. Defendants deny that they are "state actors" subject to laws and regulations that are otherwise applicable only to governmental agencies.  Defendants are without information sufficient to ascertain the truth of the remaining allegations of this Paragraph.  To the extent these allegations consist of legal conclusions, no answer is required.  The allegations of this Paragraph are otherwise denied.

4.1     The allegations of Paragraph 4.1 are admitted.

4.2     The allegations of Paragraph 4.2 are admitted, except that Recovery Innovations, Inc. no longer operates a facility at the alleged location.

4.3     The allegations of paragraph 4.3 consist of legal conclusions for which no answer is required.  The allegations of this Paragraph are otherwise denied.

4.4     The allegations of paragraph 4.4 consist of legal conclusions for which no answer is required.  The allegations of this Paragraph are otherwise denied.

4.5     In response to Paragraph 4.5, Defendants admit that Recovery Innovations is licensed and regulated by the State of Washington.  The allegations of this Paragraph are otherwise denied.

4.6     The allegations of Paragraph 4.6 are denied.

Lybeck Pedreira & Justus, PLLC
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA  98040-6004
206-230-4255   Fax 206-230-7791

4.7     The allegations of Paragraph 4.7 are admitted.

4.8     In response to Paragraph 4.8, the allegations of this paragraph are denied to the extent that they do not present a complete and accurate statement of the basis for Mr. Padilla's opinion.  The allegations of Paragraph 4.8 are otherwise admitted.

4.9     The allegations of Paragraph 4.9 are admitted.

4.10    The allegations of Paragraph 4.10 are denied.

4.11    The allegations of Paragraph 4.11 are denied.

4.12    The allegations of Paragraph 4.12 are denied.

4.13    In response to Paragraph 4.13, Defendants are without information sufficient to ascertain the truth of some allegations of this Paragraph.  The allegations of Paragraph 4.13 are otherwise denied.

4.14    The allegations of Paragraph 4.14 are denied.

4.15    The allegations of Paragraph 4.15 are denied.

4.16    The allegations of Paragraph 4.16 are denied.

4.17    In response to Paragraph 4.17, Defendants admit that on March 9, 2015, Ms. French and Ms. Clingenpeel and the Pierce County Prosecutor petitioned the Pierce County Superior Court to commit Mr. Rawson involuntarily for an additional 14 days.  The remaining allegations of Paragraph 4.17 are denied.

4.18    In response to Paragraph 4.18, the allegations of this paragraph are denied to the extent that they do not present and complete and accurate statement of the "grounds" identified in the petition.  The allegations of Paragraph 4.18 are otherwise admitted.

4.19    The allegations of Paragraph 4.19 are denied.

4.20    The allegations of Paragraph 4.20 are denied.

Lybeck Pedreira & Justus, PLLC
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA  98040-6004
206-230-4255   Fax 206-230-7791

4.21    The allegations of Paragraph 4.21 are denied.

4.22    The allegations of Paragraph 4.22 are denied.

4.23    The allegations of Paragraph 4.23 are denied.

4.24    The allegations of Paragraph 4.24 are denied.

4.25    In response to Paragraph 4.25, Defendants admit that the Pierce County Superior Court approved the 14-day commitment petition on March 10, 2015.  The remaining allegations of Paragraph 4.25 are denied.

4.26    In response to the allegations of Paragraph 4.26 Defendants deny that the documented observations were "purported."   The allegations of Paragraph 4.26 are otherwise admitted.

4.27    The allegations of Paragraph 4.27 are denied.

4.28    The allegations of Paragraph 4.28 are admitted.

4.29    The allegations of Paragraph 4.29 are denied.

4.30    The allegations of Paragraph 4.30 are denied.

4.31    The allegations of Paragraph 4.31 are denied.

4.32    The allegations of Paragraph 4.32 are denied.

4.33    In response to Paragraph 4.33, Defendants admit that on March 19, 2015, Ms. French, Vasant Halarnakar, MD and the Pierce County Prosecutor petitioned the court to commit Mr. Rawson involuntarily for 90 days.  The remaining allegations of Paragraph 4.33 are denied.

4.34    In response to Paragraph 4.34, the allegations of this paragraph are denied to the extent that they do not present and complete and accurate statement of the "grounds" alleged in the petition.  The allegations of Paragraph 4.34 are otherwise admitted.

4.35    The allegations of Paragraph 4.35 are denied.

Lybeck Pedreira & Justus, PLLC
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA  98040-6004
206-230-4255   Fax 206-230-7791

4.36    The allegations of Paragraph 4.36 are denied.

4.37    The allegations of Paragraph 4.37 are denied.

4.38    The allegations of Paragraph 4.38 are denied.

4.39    In response to Paragraph 4.39, Defendants admit that Dr. Halarnakar observed Mr. Rawson and documented his observations.  The allegations of Paragraph 4.39 are otherwise denied.

4.40    The allegations of Paragraph 4.40 are denied.

4.41    In response to Paragraph 4.41, the allegations of this paragraph are denied to the extent that they do not present and complete and accurate statement of the information available to and relied upon by Dr. Halarnakar.  The allegations of Paragraph 4.41 are otherwise an incomplete summary of the records and are therefore denied.

4.42    The allegations of Paragraph 4.42 are denied.

4.43    In response to Paragraph 4.43, the allegations of this paragraph are denied to the extent that they do not present and complete and accurate statement of what Recovery Innovations "planned" to do.  The allegations of Paragraph 4.43 are therefore denied.

4.44    The allegations of Paragraph 4.44 are denied.

4.45    The allegations of Paragraph 4.45 are denied.

4.46    The allegations of Paragraph 4.46 are denied.

4.48    In response to Paragraph 4.48, Defendants admit that Ms. French or another Recovery Innovations staff person created an entry in Mr. Rawson's medical file each day that they detained him that documented the opinion that he presented a danger to himself or others. The allegations of Paragraph 4.48 are otherwise denied.

4.49    The allegations of Paragraph 4.49 are denied.

Lybeck Pedreira & Justus, PLLC
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA  98040-6004
206-230-4255   Fax 206-230-7791

4.50     The allegations of Paragraph 4.50 are denied.

4.51     In response to Paragraph 4.51, Defendants admit that Dr. James Manley wrote a letter stating that he had evaluated Mr. Rawson and had made certain conclusions regarding him. Defendants are without information sufficient to ascertain the truth of the remaining allegations of Paragraph 4.51.

4.52     In response to Paragraph 4.52, Defendants admit that the petitioners and the Pierce County Prosecutor did not immediately dismiss the 90-day petition. The allegations of Paragraph 4.52 are otherwise denied.

4.53     The allegations of Paragraph 4.53 are denied.

4.54     In response to Paragraph 4.54, Defendants admit that Mr. Rawson rejected a proposal that would have allowed him to avoid further involuntary commitment.

4.55     In response to Paragraph 4.55, the allegations of this paragraph are denied to the extent that they do not present and complete and accurate statement of what Dr. Halarnakar and Recovery Innovations "agreed" to do.  Upon information and belief, Mr. Rawson never visited a V.A. hospital after his release.  The allegations of Paragraph 4.55 are otherwise admitted.

4.56     In response to Paragraph 4.56, Defendants admit that Mr. Rawson agreed to visit a therapist at the VA after he returned to his home.  Upon information and belief, Mr. Rawson never visited a therapist at the VA after he returned to his home.  Defendants are without information sufficient to ascertain the truth of the remaining allegations of this Paragraph.

4.57     In response to Paragraph 4.57, the allegations of this paragraph are denied to the extent that they do not present and complete and accurate statement of what Dr. Halarnakar, Ms. French and Recovery Innovations "agreed" to do.  Upon information and belief, Mr. Rawson

Lybeck Pedreira & Justus, PLLC
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA  98040-6004
206-230-4255   Fax 206-230-7791

never visited the Veterans Administration hospital in Portland, Oregon upon his release. The allegations of Paragraph 4.57 are otherwise admitted.

4.58    The allegations of Paragraph 4.58 are admitted.

4.59    In response to Paragraph 4.59, the allegations of this paragraph are denied to the extent that they assert that Mr. Rawson had "no change in his condition." Defendants admit that Recovery Innovations arranged transport to allow Mr. Rawson to present to the Veterans Administration hospital in Portland, Oregon for voluntary evaluation and treatment.

4.60    The allegations of Paragraph 4.60 are denied.

4.61    The allegations of Paragraph 4.61 are denied.

4.62    The allegations of Paragraph 4.62 are denied.

4.63    The allegations of Paragraph 4.63 are denied.

4.64    The allegations of Paragraph 4.64 are denied.

4.65    The allegations of Paragraph 4.65 are denied.

4.66    The allegations of Paragraph 4.66 are denied.

5.1    The allegations of Paragraph 5.1 are denied.

5.2    The allegations of Paragraph 5.2 are denied.

5.3    The allegations of Paragraph 5.3 are denied.

5.4    The allegations of Paragraph 5.4 are denied.

5.5    The allegations of Paragraph 5.5 are denied.

5.6    The allegations of Paragraph 5.6 are denied.

5.7    The allegations of Paragraph 5.7 are denied.

5.8    The allegations of Paragraph 5.8 are denied.

5.9    The allegations of Paragraph 5.9 are denied.

Lybeck Pedreira & Justus, PLLC
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040-6004
206-230-4255   Fax 206-230-7791

5.10    The allegations of Paragraph 5.10 are denied.

5.11    The allegations of Paragraph 5.11 are denied.

6.1    The allegations of Paragraphs 6.1 through 6.8 consist of a prayer for relief for which no response is required.

## II.    AFFIRMATIVE DEFENSES

Defendants hereby assert the following affirmative defenses, which are pled in the alternative to the extent they may otherwise be determined mutually exclusive or inconsistent:

1.    One or more of Plaintiff's claims fail to state a valid claim upon which relief can be granted.

2.    Defendants have qualified and/or absolute immunity from Plaintiff's claims, including the immunities arising from RCW 71.05.120, by the doctrine of prosecutorial immunity, and/or other grounds in common law or equity.

3.    Plaintiff's injuries or damages, if any, may have been proximately caused or contributed to by an intervening or superseding cause, and/or a pre-existing condition.

4.    The damages sought in this action are grossly excessive and disproportionate to any economic damages claimed by Plaintiff.  The claim for imposition of such damages violates the Due Process Clause of the U.S. Constitution, as interpreted in *BMW v. Gore*, 517 U.S. 559 (1996).

5.    Plaintiff has failed to join one or more indispensable parties to this action.

6.    Plaintiff's damages were caused by the acts or omissions of third parties over whom Defendants had no control.  In accordance with RCW 4.22.070 or common law, any recovery against Defendants should be reduced to the degree of fault attributable to such third parties.

Lybeck Pedreira & Justus, PLLC
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA  98040-6004
206-230-4255   Fax 206-230-7791

7.     Plaintiff's damages, in whole or in part, were caused by his own intentional acts, contributory negligence and/or failure to mitigate such damages.

8.     Alternatively, Defendants have immunity from Plaintiff's claims pursuant to the *Noerr-Pennington* doctrine, as interpreted in *Sosa v. DIRECTV, Inc.*, 437 F.3d 923 (9th Cir. 2006)

9.     Plaintiff's claims are barred or limited by the litigation privilege.

10.    Defendants are not "state actors" subject to any of Plaintiff's claims which are based on laws and regulations that are otherwise applicable only to governmental agencies.

11.    Some or all of Plaintiff's claims are frivolous and without reasonable basis in law or fact.

### III.     PRAYER FOR RELIEF

WHEREFORE, Defendants pray for:

a.     Dismissal of Plaintiff's claims with prejudice;

b.     An order that Plaintiff shall be afforded no relief from its complaint herein;

c.     A declaration of non-infringement and injunctive relief;

d.     Attorneys' fees and costs awardable under statute, common law and/or in equity; and

f.     For such other and further relief as the Court may deem just and equitable.

### IV.     RESERVATIONS

Defendants reserve the right to assert additional affirmative defenses, third-party claims and counterclaims in the event that further investigation and discovery support them.

Dated: May 8, 2018

LYBECK PEDREIRA & JUSTUS, PLLC

Lybeck Pedreira & Justus, PLLC
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA  98040-6004
206-230-4255   Fax 206-230-7791

1

2          By: */s/ Benjamin Justus*
           Lory R. Lybeck (#14222)
3          Benjamin Justus (#38855)
           Attorneys for Defendants
4          Chase Bank Building
           7900 SE 28th St., Fifth Floor
5          Mercer Island, WA 98040
           206.230.4255 phone
6          206.230.7791 fax
           ben@lpjustus.com
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT - 10