# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| KENNETH RAWSON, <br><br> Plaintiff, <br><br> v. <br><br> RECOVERY INNOVATIONS, INC., et al, <br><br> Defendants. | CASE NO. C17-5342 BHS <br><br> ORDER DENYING MOTION FOR RECONSIDERATION AND RENOTING MOTION FOR CERTIFICATION |

This matter comes before the Court on motion for reconsideration or, in the alternative, for certification. Dkt. 162.

On May 2 and 9, 2019, the Court issued orders denying Plaintiff Kenneth Rawson's ("Rawson") motion for partial summary judgment and granting Defendants Jennifer Clingenpeel, Sami French, Vasant Halarnakar, and Recovery Innovations, Inc.'s ("Defendants") motion for summary judgment. Dkts. 157, 160. On May 10, 2019, Rawson filed a motion for reconsideration on the issue of whether Defendants were acting under color of law. Dkt. 162. The Court finds that this issue has been thoroughly briefed, considered, and analyzed. While it is possible that at least two members of the

reviewing panel may disagree with the Court's conclusion and either vacate or reverse the orders, Rawson has failed to establish that the Court committed manifest error.  This is a close question in an unrefined area of law.  The Court recognizes that the state's delegation to private parties the power to restrain a person's liberty against his or her will seems to convey state action.  The existing precedent, however, requires a level of interaction beyond what Rawson established.  Therefore, the Court denies Rawson's motion for reconsideration.

Regarding the motion for certification, the Court finds the impending trial date warrants an expedited briefing schedule.  Therefore, the Clerk shall renote that portion of this motion for consideration on the Court's May 24, 2019, calendar.  Defendants may respond no later than May 21, 2019, and Rawson may reply no later than May 24, 2019.

Finally, Rawson raises the issue of the Court declining supplemental jurisdiction.  Dkt. 162 at 14.  If the Court declined supplemental jurisdiction, then the proper procedure would be to dismiss Rawson's state law claims without prejudice and enter an appealable judgment on the federal claims.  The Court did not address the issue in the previous orders on the assumption that Rawson preferred federal court because he originally filed all his claims here.  However, if the parties filed a stipulated motion to decline supplemental jurisdiction, the Court would of course consider it.

Dated this 14th day of May, 2019.

BENJAMIN H. SETTLE
United States District Judge