1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENNETH RAWSON,

          Plaintiff,

   v.

RECOVERY INNOVATIONS, INC., et al.,

          Defendants.

CASE NO. C17-5342 BHS

ORDER

13
14
15

     This matter comes before the Court on the parties' joint briefing regarding remaining disputed issues, Dkt. 207, and the Court's order setting disclosure deadlines and new trial date, Dkt. 211.

16
17
18
19
20
21

     Plaintiff Kenneth Rawson commenced this action in 2017 arising out of his involuntary commitment in 2015. Dkt. 1; *see also* Dkt. 201 (Third Amended Complaint). He was committed to a facility run by Defendant Recovery Innovations, Inc. for up to 72 hours of evaluation and treatment. Dkt. 201, ¶¶ 4.7–4.9. Rawson alleges that Recovery Innovations and three of its employees—Defendants Sami French, Jennifer Clingenpeel, and Vasant Halarnakar—wrongfully detained him, forcibly injected him with

22

ORDER - 1

antipsychotic medications, and misled a court into extending his period of involuntary commitment for a total of 55 days. *See generally id.* He alleges that Defendants violated his constitutional rights under the Fourth and Fourteenth Amendments; committed the torts of outrage, false imprisonment, and medical malpractice; and violated the Washington Law Against Discrimination ("WLAD"), RCW Ch. 49.60. *Id.* ¶¶ 5.1–5.8.

After extensive motion practice, the Court concluded that the private Defendants were not acting under color of state law and granted summary judgment for Defendants. *See* Dkts. 128, 157, 160, 132, 170, 175. Rawson appealed, Dkt. 177, and the Ninth Circuit reversed this Court's ruling, Dkt. 192. *See also Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742 (9th Cir. 2020). Defendants then filed a petition for a writ of certiorari to the United States Supreme Court, Dkt. 198, which was denied, Dkt. 199.

Upon remand, the Court ordered the parties to file joint briefing addressing the remaining disputed pretrial issues. Dkts. 205, 206. The parties submitted a joint briefing detailing their disputes on Rawson's WLAD claim, reopening Rawson's deposition, and new pretrial materials. Dkt. 207. The parties additionally stipulated to continue the trial date, Dkt. 210, and trial is currently set for December 6, 2022, Dkt. 212. The Court addresses the disputed issues in order.

First, the Court agrees that Defendants should be permitted to file a motion for summary judgment on Rawson's WLAD claim. Based on the parties' limited briefing of this issue, it appears that Rawson's WLAD claim based on *Olmstead v. L.C. ex rel Zimring*, 527 U.S. 581 (1999), is novel and would benefit from clarification of the issues before this case proceeds to trial. The Court will grant Defendants leave to file a

supplemental motion for partial summary judgment *only* as to Rawson's WLAD claim. Defendants shall file their motion for partial summary judgment no later than **April 29, 2022**.

Next, the parties dispute whether Rawson's deposition should be reopened. Under Federal Rule of Civil Procedure 30, a party must obtain leave of the court to take a deposition of someone who has already been deposed. Fed. R. Civ. P. 30(a)(2)(A)(ii). Rawson's deposition was initially conducted on June 12, 2018, nearly four years ago. In his Third Amended Complaint, Rawson alleges that he continues to suffer from "severe emotional distress and injuries." Dkt. 201, ¶ 4.65. Defendants argue that they should be allowed to explore the nature and extent of the claimed ongoing damages. Rawson argues that the deposition would be duplicative but that, in the event the Court orders a second deposition, he should be allowed to have a second deposition of Defendants.

Repeat depositions are disfavored, except in certain circumstances, such as a long passage of time. *See Graebner v. James River Corp.*, 130 F.R.D. 440, 441 (N.D. Cal. 1989). Indeed, there has been a long passage of time—nearly four years—since Rawson was initially deposed. There has been a substantial delay because of the appeals in this case, and the Court agrees that limited, second depositions of the parties are appropriate here. The depositions of Rawson and Defendants shall be limited to **two hours each** and shall encompass matters arising after the Court granted summary judgment and Rawson appealed. There is no prejudice to either side in allowing the second deposition and in a limited reopening of discovery because the trial date is not until December 2022.

Finally, the Court agrees that the parties should be allowed to file new motions in limine, deposition designations, and voir dire. Updated motions in limine and pretrial materials reflecting the new discovery ordered here and stipulated to by the parties, *see* Dkt. 210, will aid the Court in better understanding the remaining issues before commencing trial. The parties are thus granted leave to file new pretrial materials in accordance with the deadlines set in the Court's order setting the new trial date, Dkt. 212.

**IT IS SO ORDERED.**

Dated this 17th day of March, 2022.

BENJAMIN H. SETTLE
United States District Judge